DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed on April 8, 2009, in its Answer, requesting that the Complaint be dismissed.
A case management conference was held May 7, 2009. Frank P. Cooper participated on his own behalf; Matt Healy appeared for Defendant.
This appeal concerns residential property identified as Account 05013008. Plaintiff purchased this home on December 19, 2007, for $625,000. No appeal was filed for the 2007-08 tax year with the Multnomah County Board of Property Tax Appeals (BOPTA). For tax year 2007-08, Plaintiff requests a reduction in the real market value (RMV) from $701,999 to $625,000. For tax year 2008-09, Plaintiff agrees with Defendant's $625,000 RMV. Plaintiff instead requests any 2007-08 tax year reduction be carried forward to affect the 2008-09 tax tear maximum assessed value (MAV).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1] *Page 2 
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2007-08 tax year, Plaintiff stated that he was unaware of the appeal process and its strict deadlines. It is unclear why the prior owner declined to protest the assessments. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for the 2007-08 tax year. The court has no independent authority to adjust MAV for tax year 2008-09. *Page 3 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, the value range alleged by Plaintiff is less than 20 percent. On a review of the pleadings there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 4,2009. The Court filed and entered this document on June 4, 2009.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2007.